UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:13-CV-02572

| | |
|---|---|
| Mike Petrillo,<br><br>    Plaintiff,<br>v.<br><br>Penncro Associates, Inc. and<br>Dan Walker,<br><br>    Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendants and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Mike Petrillo (hereinafter "Plaintiff") is a natural person who resides in the City of Brainerd, County of Crow Wing, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Penncro Associates, Inc. (hereinafter "Penncro") is a collection agency and foreign business corporation operating from an address of 95 James Way, Suite 113, Southampton, Pennsylvania 18966, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Dan Walker (hereinafter "Walker"), is a natural person who was employed at all times relevant herein by Defendant Penncro as a collection agent, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime before October 2012, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely the unpaid balance for a loan with Citibank, N.A.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *First Illegal Collection Call – October 9, 2012*

9. On or around October 9, 2012, Defendant Penncro's collector, Defendant Walker, caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Defendant Walker's October 9, 2012, collection call led to a voicemail message on Plaintiff's answering machine, which stated as follows:

    Dan Walker.

11. Defendant Walker's October 9, 2012, voicemail message stated nothing further than just his name, "Dan Walker."

12. In his October 9, 2012, voicemail message to Plaintiff, Defendant Walker failed to disclose that the communication was from a debt collector as required by the FDCPA at 15 U.S.C. § 1692e(11).

13. In his October 9, 2012, voicemail message, Defendant Walker also failed to disclose to Plaintiff where he was calling from and, as such, failed to meaningfully disclose the caller's identity in violation of the FDCPA at 15 U.S.C. § 1692d(6).

14. Defendant Walker's failure to disclose that he was a debt collector calling from Defendant Penncro was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this call.

15. This October 9, 2012, collection communication from Defendant Walker was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA,

including but not limited to 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

### *Illegal Third Party Contact – October 9, 2012*

16. On or around October 9, 2012, a collection agent from Defendant Penncro contacted Plaintiff's mother by telephone in effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Upon well-grounded information and belief, Defendant Penncro already had Plaintiff's home telephone number because they had previously left a message for Plaintiff on his home telephone answering machine.

18. However, Defendant Penncro proceeded to contact Plaintiff's mother in Las Vegas, Nevada in an attempt to collect this debt.

19. During this October 9, 2012, collection call to Plaintiff's mother, Defendant Penncro's collection agent failed to conform to the allowable communications with third parties pursuant to 15 U.S.C. § 1692c(b), namely, by failing to limit their request to "location information" as defined by 15 U.S.C. § 1692a(7).

20. Upon well-grounded information and belief, Defendant Penncro's collection agent failed to state that they were confirming or correcting location information concerning the consumer as required by 15 U.S.C. § 1692b(1).

21. Moreover, upon well-grounded information and belief, Defendant Penncro's collection agent discussed with Plaintiff's mother the fact that Plaintiff allegedly owed this debt, in violation of the FDCPA at 15 U.S.C. § 1692b(2).

22. The above-described collection communications made to Plaintiff's mother, a third party, by Defendant Penncro's collection agent were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692e, 1692e(10), and 1692f, amongst others.

### *Second Illegal Collection Call – October 11, 2012*

23. On or around October 11, 2012, Defendant Penncro's collector, Defendant Walker, caused to be made another collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Plaintiff answered the October 11, 2012, collection call and heard what sounded like a live person saying, "Dan Walker," followed by an automated and recorded message, which provided the disclosures required under 15 U.S.C. § 1692e(11).

25. After the recorded message was over, Defendant Walker ended the call or hung up.

26. Plaintiff answered the October 11, 2012, collection call, but was not connected to a live person and the call was ultimately dropped and disconnected by Defendant Walker.

27. During this October 11, 2012, collection call, Defendant Walker failed to disclose to Plaintiff where he was calling from and, as such, failed to meaningfully disclose the caller's identity in violation of the FDCPA at 15 U.S.C. § 1692d(6).

28. Defendant Walker's failure to disclose that he was calling from Defendant Penncro and his disconnection of the call immediately after Plaintiff answered, was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this call.

29. This October 11, 2012, collection communication from Defendant Walker was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692f, amongst others.

### *Third Illegal Collection Call – October 11, 2012*

30. On or around October 11, 2012, Plaintiff's spouse, Rene'e Petrillo, called Defendant Penncro back at the number that continued to call her home.

31.  During this October 11, 2012, call, Rene'e Petrillo (hereinafter "Rene'e") spoke with Defendant Walker, who demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32.  Rene'e called Defendant Walker to find out what Defendants were calling about.

33.  Once Defendant Walker stated that he was calling about a Citibank loan, Rene'e explained that this was not Plaintiff's debt and therefore Plaintiff was not responsible to pay it.

34.  After some back and forth, Defendant Walker raised his voice and became belligerent with Plaintiff's spouse, Rene'e.

35.  Defendant Walker disregarded and ignored Rene'e explanations, and stated that Plaintiff and Rene'e were responsible to pay back this debt.

36.  Defendant Walker demanded payment from Plaintiff's wife, Rene'e, even though Rene'e was not married to Plaintiff at the time this debt was incurred, and for a debt that Rene'e was certainly not responsible to pay.

37.  Shortly thereafter, Rene'e became very upset about the way she was being treated, and she hung up.

38.  Defendant Walker's October 11, 2012, communication with Rene'e, and his illegal demand for payment from her, was a deceptive, misleading and unfair

communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Summary*

39. All of the above-described collection communications made to Plaintiff by Defendants and the collection employees employed by Defendant Penncro were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, frustration, emotional distress, and upset, amongst other negative emotions.

### *Respondeat Superior Liability*

41. The acts and omissions herein of the individuals employed to collect debts by Defendant Penncro, and the other debt collectors employed as agents of Defendant Penncro who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Penncro.

42. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant Penncro in collecting consumer debts.

43. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, the Defendant Penncro.

44. Defendant Penncro is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

48. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

                                        Respectfully submitted,

Dated: September 19, 2013        **BARRY & HELWIG, LLC**

                                        By:  s/Patrick J. Helwig
                                        Patrick J. Helwig, Esq.
                                        Attorney I.D.#0391787
                                        2701 University Ave. SE, Suite 209
                                        Minneapolis, Minnesota 55414-3236
                                        Telephone:  (612) 379-8800
                                        Facsimile: (612) 379-8810
                                        phelwig@lawpoint.com

                                        **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF STEARNS           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Mike Petrillo, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___9___ ___19___, ___2013___
            Month   Day    Year

_____Mike Petrillo_____
Signature